## SUPREME COURT.

WILLIAM G. WILSON, appellant, agt. WILLIAM H. GRANT, respondent.

*Stay of proceedings upon judgment of foreclosure, pending appeal to general term, discretionary — Plaintiff not entitled as matter of right to a deficiency undertaking*

A stay of proceedings upon judgment of foreclosure, pending appeal to the general term, is discretionary and plaintiff is not entitled as matter of right to a deficiency undertaking. Where the foreclosure is upon leasehold premises, and "there is a receivership for application of the rents, the discretion granting a stay was fairly exercised.

*First Department, General Term, July, 1880.*

APPEAL from order staying proceedings upon a judgment of foreclosure and sale. The mortgage was upon leasehold premises.

*William G. Wilson,* plaintiff in person.

*Mitchell & Mitchell,* for respondent.

BARRETT, J. — The order appealed from was as favorable to the plaintiff as could reasonably have been expected. All that he could gain by a sale would be the value of the lease under present circumstances; that was substantially secured to him by the order appropriating the entire rents. The stay was discretionary under section 1351 of the Code of Civil Procedure, and we think the discretion was fairly exercised. The plaintiff was not entitled, as matter of right, to the undertaking for deficiency required by section 1351; that only applies to an appeal to the court of appeals. On an appeal to the general term the court may grant a stay upon such terms, as to security or otherwise, as justice requires. It is only when security is exacted as a condition of such stay that the provisions of section 1351 are applicable. Here the

receivership, though not in form, was, in substance, imposed as a condition of granting the stay. We think the plaintiff could not justly complain of that part of the order appealed from, it being to his benefit and giving him all the security he was entitled to, namely, the impounding and application of the rents. The order should, therefore, be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concur.